PIONEER NATIONAL TITLE
INSURANCE COMPANY
*v.*
DEPARTMENT OF REVENUE

TITLE INSURANCE COMPANY OF OREGON
*v.*
DEPARTMENT OF REVENUE

SAFECO TITLE INSURANCE COMPANY
*v.*
DEPARTMENT OF REVENUE

TRANSAMERICA TITLE INSURANCE COMPANY
*v.*
DEPARTMENT OF REVENUE

Joseph J. Hanna, Jr. and Thomas L. Gallagher, Jr., Hardy, McEwen, Weiss, Newman & Faust, Portland, represented plaintiffs.

Glen V. Sorensen, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiffs rendered June 16, 1978.

P. K. HAMMOND, Senior Judge and Judge pro tempore of Oregon Tax Court.

These matters came before the court on individual complaints filed by the plaintiffs herein seeking decrees holding that their title plants in Multnomah County are not subject to assessment and taxation as tangible personal property. Upon stipulation of the parties, these four cases were consolidated for trial before this court.

Each of the plaintiffs insure title to real property and in order to effectively and efficiently operate their businesses, they have accumulated and keep in their offices books, maps, records, indexes, film clips, film rolls, tapes and other documents, which, with the information contained thereon, are used by the plaintiffs to organize, index, store and sort out information regarding title to real property. Such records and information so kept by the plaintiffs are referred to as their "title plants."

In issuing policies of title insurance, the plaintiffs guarantee to the insureds that the status of the land title in a transaction is as represented in the policies which the plaintiffs issue. To perform this function, the plaintiffs review public records of various governmental agencies for data relating to real estate in

Multnomah County. It is the copies of such public records and the indexing and organizing thereof, parcel by parcel, that make up plaintiffs' title plants. The information sought can thereby be promptly and easily located and recalled and a profile of the status of the title to the particular parcel can be readily obtained.

The books, maps, indexes, film and other documents upon which the title information is recorded are of little value when assessed only as used paper, ink, binders, film and such. The information contained in the title plants is of substantial value to the plaintiffs as a basis for applying their expertise in forming opinions regarding titles to real property.

Although title plants have existed in Oregon for many years, no county assessor in Oregon had assessed the information contained in title plants prior to 1975. Pioneer National Title Insurance Company sold to Safeco Title Insurance Company the right to copy the information in its title plant, for which right the sum of $300,000 was paid. While the parties stipulated that such sale of right to copy was made, the year of the sale was not disclosed by the evidence. A witness for defendant testified that Title Insurance Company of Oregon also sold a right to copy its title plant in 1974 for $300,000. Based upon these sales, the County Assessor of Multnomah County assessed each of the plaintiffs' title plants for the tax year 1975-1976 at $300,000. The terms and conditions of the sales of rights to copy such records were not disclosed by the evidence.

The plaintiffs each appealed to the Department of Revenue, State of Oregon, from the said actions of the county assessor and in such cases the Department of Revenue, the defendant herein, issued its Orders No. VL 76-761, No. VL 76-762, No. VL 76-763, and No. VL 76-764, respectively, dated September 2, 1977, denying such appeals, whereupon these proceedings were brought.

During the trial of this matter, it was stipulated by the parties that personal property taxes were not imposed in Oregon in the tax year 1975-1976 on many types of personal property in Oregon described as:

"1. Morgues of newspapers which are comprised of clippings of back issues of said newspapers and other background information.

"2. Maps or surveys of surveyors;

"3. Maps, surveys or designs of engineers;

"4. Maps, surveys or designs of architects;

"5. Working papers, trial balances or audits of certified public accountants, public accountants, or bookkeeping services;

"6. Dental charts of dentists' offices;

"7. Medical records of doctors' offices;

"8. Records of account of banks, savings institutions, trust companies or credit bureaus;

"9. Records of multiple listing bureaus;

"10. Movie and TV film;

"11. Certain software programs of data processing systems;

"12. Stock or inventory records of warehouses;

"13. Files of attorneys;

"14. Stock brokers' files containing information about corporations, investments or investors." (Pl Complaint, No. 1203, at 5.)

ORS 307.030 provides that "[a]ll real property within this state and all tangible personal property situated within this state, except as otherwise provided by law, shall be subject to assessment and taxation in equal and ratable proportion." The questions therefore propounded by these proceeds are: (1) Do plaintiffs' title plants constitute "tangible personal property" that is assessable and taxable as such in Oregon? (2) If such title plants were otherwise assessable and taxable as "tangible personal property," would such treatment of them be in violation of the equal protection clause of the United States Constitution and the uniform taxation clauses of the Oregon Constitution?

No previous Oregon judicial decisions have been found which directly answer these questions in spite of the fact made obvious by the record that title insurance plants and their predecessors known as abstract-of-title plants have existed in Oregon for many decades. Both parties cite decision law from other states on the subject and a review of such precedent shows that opinions in other states, based on their own statutes and other criteria, are mixed. Some say that title plants are taxable and some say that they are not. Such opinions are of little aid in resolving this particular problem in Oregon.

■ Tangible personal property subject to assessment and taxation in Oregon is described as follows: "Tangible personal property" means and includes all chattels and movables, such as boats and vessels, merchandise and stock in trade, furniture and personal effects, goods, livestock, vehicles, farming implements, movable machinery, movable tools and movable equipment. ORS 307.020(3). Information accumulated, stored, indexed and sorted for specific and limited purposes such as title plants; morgues of newspapers; surveyors', engineers' and architects' maps, surveys and designs; doctors' and hospitals' medical records, and the like could only be determined to be included within the above description if it was clear that such was the legislatative intent. Administrative practices can be helpful in determining such intent.

Except for the action which precipitated these proceedings taken by the County Assessor of Multnomah County, the administrative officers of this state have always, in full view of the legislative authority of Oregon, treated information contained in title plants as not subject to assessment and taxation. When the said action of the county assessor was in the process of review, the Oregon Department of Revenue introduced SB 113 in the 1977 Session of the Oregon legislature, which bill proposed to specifically include title records and several other types of business and

professional records within the legislative definition of "intangible personal property"; *i.e.,* not subject to assessment and taxation. A letter from the Department of Revenue to an Oregon Senator explaining SB 113 and seeking direction from the legislature pointed out with respect to title plant records: "To single out those kinds of business records as taxable seems unfair and unequal." (Def Ex A.) The Oregon legislature responded by passing SB 113 (Or Laws 1977, ch 602, § 1, amending ORS 307.020(1)), and thereby including within the definition of "*intangible* personal property" the following: "media constituting business records, computer software, files, records of accounts, *title records,* surveys, designs, credit references, and data contained therein. * * *" (Emphasis supplied.)

■■ While the 1977 legislation does not have the retroactive effect of specifically resolving the problem before this court, which arises on an assessment for the tax year 1975-1976, the combined administrative and legislative conduct does act to dispel any doubts regarding legislative intent prior to 1977 regarding the taxability of title plants. It is the opinion of the court that the information and data contained in the title plants of the plaintiffs were not subject to assessment and taxation during the period involved in these proceedings. The legislative intent was that title plants are not taxable as "tangible personal property." The action of the Multnomah County Assessor in singling out the records of these plaintiffs for assessment was also vulnerable in that it violated the equal protection and equal treatment constitutionally guaranteed to these parties.

■ In past years, it has been the practice for title insurance companies to report the physical properties upon which their title records are kept and contained as tangible personal property and those physical items have been assessed as such. The court finds no reason to exclude such physical items from assessment for the tax year 1975-1976 but except for such physical items, such as binders, paper, and the like, the court holds

that plaintiffs' title plants are not subject to assessment and taxation as tangible personal property for the tax year 1975-1976 and the defendant's Orders No. VL 76-761, No. VL 76-762, No. VL 76-763, and No. VL 76-764 are reversed.

The Multnomah County Assessor/Tax Collector, Division of Assessment and Taxation, Multnomah County, shall amend the assessment and tax rolls for 1975-1976 with respect to the subject property to conform with this decision. If taxes have been paid by the plaintiffs in excess of those required by the tax roll as amended, the excess, with statutory interest thereon, shall be remitted to the plaintiffs as provided by ORS 311.806 and 311.812.

Plaintiffs may recover their costs.